# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC, | : <br> : <br> : <br> : <br> :    CASE NO. |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| EROLD MERKO, | : <br> : |
| Defendant. | : |

## COMPLAINT

Teachers Insurance and Annuity Association of America and TIAA-CREF Individual & Institutional Services, LLC (collectively "TIAA") hereby bring the following Complaint against Defendant Erold Merko ("Merko") seeking very limited relief, specifically a preliminary injunction to preserve the *status quo* and prevent irreparable harm to TIAA pending an arbitration before the Financial Industry Regulatory Authority ("FINRA"). Merko expressly consented to this relief in his agreement with TIAA and, in further support thereof, TIAA avers as follows:

## PARTIES

1. Teachers Insurance and Annuity Association of America is a New York life insurance company with its principal place of business in New York.

4878-9690-8039

2. TIAA-CREF Individual & Institutional Services, LLC is a limited liability company which is incorporated and has its principal place of business in New York. TIAA-CREF Individual & Institutional Services, LLC is wholly owned by Teachers Insurance and Annuity Association of America. In addition, Plaintiff, Teachers Insurance and Annuity Association of America, a New York life insurance company with its principal place of business in New York, is the sole member of TIAA-CREF Individual & Institutional Services, LLC.

3. Defendant is a former employee of Teachers Insurance and Annuity Association of America and was registered with FINRA through TIAA-CREF Individual & Institutional Services, LLC.

4. Defendant was a Wealth Management Advisor for TIAA's Southfield, Michigan office.

5. Defendant is a Michigan citizen residing at 51793 Churchill Ct., Northville, Oakland County, Michigan 48167-8508.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this dispute by virtue of diversity of citizenship, 28 U.S.C. §1332. Defendant is a citizen of Michigan and as described above, both plaintiffs are citizens of New York. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4878-9690-8039

7.      Venue is proper both because a transaction or occurrence out of which the cause of action arose took place in this district and Defendant resides in this district.

## INTRODUCTION

8.      This is a dispute between members of the securities industry. While the parties have agreed, and are required, to submit the merits of this proceeding to FINRA, the FINRA Arbitration Rules specifically provide for, and authorize, a party to seek injunctive relief from a court. This Complaint seeks limited relief to enforce the parties' agreement for the entry of injunctive relief pending the FINRA arbitration to preserve the status quo and to prevent irreparable harm. Under FINRA Arbitration Rule 13804, if injunctive relief is granted by this Court, FINRA will hold a hearing on permanent injunctive relief within just 15 days. In contrast, absent said relief, the FINRA arbitration could take a year or more to commence.

## FACTS

**A)    Defendant's Contractual Obligations**

9.      Defendant commenced his affiliation with TIAA in 2012.  TIAA paid for Defendant's registrations with various securities exchanges and gave Defendant many other benefits throughout his affiliation with the company.  As a result of the many benefits given to him by TIAA, Defendant gained access to and familiarity with clients investing hundreds of millions of dollars in assets with TIAA and generating substantial revenues for the company.

10. In connection with his ongoing affiliation with TIAA, Defendant signed a Confidentiality and Non-Solicitation Agreement (the "Agreement") containing non-solicitation, confidentiality, and non-disparagement covenants. (*See* **Exhibit "A"**).

11. The Agreement restricts Defendant's use of TIAA's confidential and trade secret information. (*Id*. at pp. 1-3).

12. The Agreement further prohibits Defendant from interfering with TIAA's Client Relationships at any time during his employment and for 12 months following the termination of his employment. (*Id*. at p. 4).

13. Defendant acknowledged the reasonableness of the confidentiality and non-solicitation restrictions set forth in the Agreement. (*Id*. at p. 5).

14. Defendant further agreed not to make any defamatory or disparaging comments about TIAA. (*Id*. at p. 6).

15. The Agreement also expressly provides as follows: "**EMPLOYEE'S AFFIRMATION OF THOROUGH REVIEW**. Employee affirms that Employee has carefully read this Agreement, knows and understands its terms, conditions and effective date, and has had the to ask any questions that Employee may have had prior to signing this Agreement." (*Id*. at pp. 7-8) (bold in the original).

16. The Agreement (at p. 7) further provides that TIAA is entitled to preliminary injunctive relief upon its breach or threatened breach and to expedited discovery in aid of a preliminary injunction motion.

17. The Agreement is just a part of TIAA's efforts to maintain the confidentiality of its client information. Wealth Management Advisors are also required to review and acknowledge their agreement to abide by the TIAA Compliance Manual (the "Manual").

18. The Manual, like the Agreement, makes clear that confidential information includes, among other things, the identities of TIAA's actual or prospective clients.

19. TIAA also limits a Wealth Management Advisor's access only to those clients he/she services, including by assigning passcodes.

**B) Defendant Is Violating His Contractual and Other Obligations**

20. Defendant gave notice of his resignation from TIAA on August 20, 2021, effective September 20, 2021, to join a competing firm, Raymond James & Associates, Inc. ("Raymond James") in Farmington Hills, Michigan.[1]

21. Anticipating the possibility of litigation, Defendant identified an attorney in his resignation letter. (*See* **Exhibit "B"**).

22. In fact, another TIAA Wealth Management Advisor who joined

---

[1] Defendant had 30-day notice provision in his Agreement.

4878-9690-8039

Raymond James in Houston, Texas was preliminarily enjoined in 2020 from violating virtually identical non-solicitation and confidentiality covenants to those contained in Defendant's Agreement.

23. In spite of his promise not to "solicit, divert, take away, or attempt to solicit, divert, take away (through any form of contact or communication whether or not initiated by Employee for such purpose) any Client, with whom or which Employee had Material Contact, for the purpose of having such Client terminate, cancel, withdraw, reduce, diminish or limit, in any manner, the Client's relationship with the Company," Defendant has reached out to multiple TIAA clients, including one client relationship on at least four separate occasions in just the last few weeks.

24. On October 12, 2021, a client left a voicemail message for TIAA stating that he had been getting "lots of calls from outside people like Merko" about transferring.

25. In early November 2021, a husband/wife client relationship advised TIAA they had met with Defendant in response to his call.

26. According to this second client relationship, Defendant said he left TIAA because there was "no work life balance."

27. TIAA then was advised by multiple clients that Defendant had sent them Thanksgiving cards enclosing his new business card.

### C) TIAA's Efforts to Obtain Compliance with Its Rights Have Been Unsuccessful

28. TIAA has been rebuffed in its efforts to have Defendant honor his obligations.

29. By correspondence dated November 10, 2021 to Defendant's counsel, TIAA demanded that Defendant immediately cease soliciting clients. (*See* **Exhibit "C"**).

30. TIAA further demanded that Defendant comply with his confidentiality and non-disparagement obligations. (*Id.*).

31. In response, by correspondence dated November 11, 2021, even though multiple TIAA clients had advised the company that Defendant had reached out to them, Defendant's counsel claimed that "Mr. Merko has not initiated contact nor engaged in communications with TIAA clients that constitute a breach of the non-solicitation Agreement cited in your letter." (*See* **Exhibit "D"**).

32. In follow-up correspondence dated November 15, 2021, Defendant's counsel then blamed another former TIAA employee for "using Erold Merko's name in his solicitation efforts." (*See* **Exhibit "E"**).

33. The above-referenced husband/wife client relationship, however, advised TIAA that they met with Defendant in person.

34. Upon information and belief, this husband/wife client relationship recognized the individual they met with as being Defendant as opposed to the other

7

former TIAA employee Defendant's counsel blamed for "using Erold Merko's name in his solicitation efforts."

35.  Contrary to the assurances from Defendant's counsel in his November 11, 2021 correspondence that his client "has not initiated contact nor engaged in communications with TIAA clients that constitute a breach of the non-solicitation Agreement…," less than three weeks later Defendant then sent his Thanksgiving cards, enclosing his new business card, to multiple TIAA clients.

36.  In a series of emails culminating on December 7, 2021, Defendant's counsel then refused to identify the TIAA clients to whom his client had sent Thanksgiving and new business cards.  (*See* **Exhibit "F"**).

37.  According to Defendant's counsel, "[o]bviously, TIAA has information about the Thanksgiving cards and access to TIAA customers to do whatever accessing or investigation it feels compelled to do." (*Id*.).

38.  Defendant, however, serviced many clients at TIAA.  Not only would any such "investigation" be time-consuming and intrusive to clients, Defendant knows precisely which TIAA clients were sent his Thanksgiving/new business cards but simply refuses to identify them.

39.  Another client relationship also very recently advised TIAA that Defendant has reached out to them four times in just the last few weeks.

40.  Thus far, Defendant has diverted nearly $20 million in client assets to

8

Raymond James. Based on Defendant's conduct to date, upon information and belief, Defendant intends to continue to violate his obligations, including not to (i) solicit TIAA's Client Relationships, (ii) misuse TIAA's Confidential Information, and (iii) defame or disparage TIAA.

## COUNT I – BREACH OF CONTRACT

41. The allegations of Paragraphs 1 through 40 are incorporated herein by reference with the same force and effect as if set forth in full below.

42. The terms of the Agreement, including the non-solicitation, confidentiality, and non-disparagement provisions, are enforceable as a matter of Michigan law.

43. Defendant has violated his contractual obligations by, *inter alia*, soliciting clients, misusing TIAA's Confidential Information, and/or defaming/disparaging TIAA to clients.

44. As a result of the foregoing, TIAA has suffered and will continue to suffer irreparable harm and financial loss.

45. Defendant expressly consented in his Agreement to a preliminary injunction to preserve the *status quo* and prevent irreparable harm to TIAA, which is the only relief TIAA is seeking from the Court.

**WHEREFORE**, by virtue of the foregoing acts, TIAA demands that judgment be entered in its favor against Defendant for preliminary injunctive relief

4878-9690-8039

pending an arbitration hearing before FINRA.

                        Respectfully submitted,

                        JAFFE RAITT HEUER & WEISS, P.C.

                        /s/ Mark L. Kowalsky
                        Mark L. Kowalsky (P35573)
                        Benjamin M. Low (P82834)
                        JAFFE, RAITT, HEUER, & WEISS, P.C.
                        Attorneys for Plaintiffs
                        27777 Franklin Road, Suite 2500
                        Southfield, MI  48034
                        (248) 351-3000
                        mkowalsky@jaffelaw.com
Dated: December 17, 2021    benlow@jaffelaw.com

*Of Counsel*:

Christopher C. Coss, Esquire
Coss & Momjian, LLP
111 Presidential Boulevard, Suite 214
Bala Cynwyd, Pa. 19004
(610) 667-6800
(610) 667-6620 (fax)
ccc@cossmomjian.com